PAGE, *Petitioner for mandamus to the Court of County Commissioners.*

Where the inhabitants of a town neglect to open and build a legal road, laid out by the Commissioners, *within the time limited for that purpose,* they become liable to pay the expenses consequent on such neglect.

The *liability* of the town to pay for the expenses of making the road, *attaches* at that time.

Although the territory over which the road is laid, was incorporated into another town before the road was opened and completed by the agent, this will not relieve the town, in which the road was when laid out and ordered to be opened, from its liability for the expenses of building it.

ON FACTS AGREED.

PETITION FOR MANDAMUS to the County Commissioners' Court.

Upon proper proceedings, the County Commissioners laid out a county road in the town of Augusta, and allowed that town until December 1, 1848, to open and build the same.

The road not being opened, at the August term of the Commissioners' Court in 1850, a petition was filed for an agent to be appointed to open the road.

Page, petitioner for Mandamus.

At an adjourned term of that Court, held .October 23, 1850, the petitioner was appointed agent, and commissioned on November 1, following.

The agent accomplished his service to the satisfaction and acceptance of the Commissioners, a part of the road being finished prior to January 1, 1851, and the remaining part subsequent to March, 1851.

The Legislature of the State, by an act approved August 12, 1850, incorporated the town of Kennebec, embracing within its corporate limits all that part of the city of Augusta over which the said road was located and constructed.

The town of Kennebec held a town meeting, legally notified, in September, 1850, and again in March, 1851.

At the December term, 1851, of the County Commissioners' Court, the petitioner presented his account for opening and making said road, and requested that they would notify the town of Kennebec and city of Augusta.

The Commissioners refused to notify either, and to allow his account.

Notice was given of this petition, and the Commissioners, the town of Kennebec and city of Augusta appeared by their attorneys.

The town of Kennebec and city of Augusta each claim, that if a mandamus is to issue to the Court of County Commissioners, it should require the said Court to notify the other, as the municipal corporation solely interested in the settlement of the account.

*Vose, County Attorney,* for Commissioners.

*Titcomb,* for city of Augusta.

*Paine,* for town of Kennebec.

*North & Fales,* for petitioner.

APPLETON, J. — It is admitted that the County Commissioners duly laid out the road in the town of Augusta, in relation to the making of which the controversy between these parties has arisen, and that the time allowed by law for constructing the same expired on Dec. 1, 1848. The town hav-

ing neglected to open and complete the same, on the third day of August, 1850, Alden Sampson and others petitioned the Court of County Commissioners, at their August term holden at Augusta, to appoint an agent to open and make said road.

On the 12th of August, 1850, the town of Kennebec was incorporated including within its limits the portion of Augusta over which the road passed, and it was duly organized under its Act of incorporation, in Sept. 1850.

On the twenty-third day of October, 1850, the County Commissioners appointed this petitioner an agent to open and make passable said road, which he did to their satisfaction and acceptance previously to March, 1851.

It is conceded that the petitioner is entitled to compensation for the services he has rendered in completing the road. The controversy is as to whether this liability attaches to the city of Augusta or to the town of Kennebec.

The language of R. S., c. 25, § 40, is clear and explicit. It provides that "if any town *liable to open and make or allow any highway or private way, duly ordered and accepted by the County Commissioners, shall neglect to do so* within the time limited by the provisions contained in this chapter, the said Commissioners, on application therefor, shall appoint an agent," &c. The agent thus appointed is to cause the road to be made by contract or otherwise. When the same shall be agreed to be made passable or altered, by contract, the agent is to file a certified copy of such contract in the office of the clerk of the Commissioners, who shall certify to the assessors of the town or plantation interested the amount he has contracted to give and the time within which by the contract it is to be completed. No account of such agent is to be allowed without notice to the town interested. "After the completion of the service of the agent and the final allowance of his accounts, the town shall be liable to pay all sums expended by the agent, with the incidental expenses of his agency and the settling of his accounts, adjudged by the said Commissioners to be reasonable, and the

amounts due on any contracts by him made; and if such town shall neglect to pay the same for thirty days the Commissioners shall issue a warrant of distress therefor against such town." The town of Augusta on the first day of Dec. 1848, was the town, which being liable to open and make the road, had neglected so to do. Its liability then attached. No other existent corporation had been guilty of neglect. The town thus liable and thus guilty of neglect is the town against which the warrant of distress is finally to issue. The subsequent action of the County Commissioners, consequent upon the corporate neglect of the town liable, necessarily results from such neglect and is at the cost of the negligent corporation. The warrant of distress can issue only against the town originally liable and guilty of neglect. The town of Augusta having been once liable, that liability remains unless it has in some way been removed.

Nothing has been done by the Act incorporating the town of Kennebec, passed Aug. 12, 1850, (Special Acts, c. 355,) by which the town of Augusta has been relieved from the burthen thus imposed. By § 3, " the highways also in said town of Kennebec, during the annual municipal year, are to remain chargeable respectively to the *city and towns from which said new town is taken.*" This section can have no such effect, for it leaves the city and towns originally liable as still chargeable.

The County Commissioners, therefore, should give notice to the city of Augusta before proceeding to the allowance of the accounts of the petitioner. *Writ to issue.*

SHEPLEY, C. J., and TENNEY and CUTTING, J. J., concurred.